WARNER, J.,
concurring specially.
While I agree that the trial court has broad discretion in reinstruction of the jury, Henry and its progeny all deal with cases where the judge omitted instructions rather than giving them all. Only Gonzalez deals with a case in which the court gave instructions on the greater offense when the jury requested instructions only on the lesser included charges. There the court found no abuse of discretion as the instructions were complete on the subject.
Because the issue is so clearly one of broad discretion, the case should be affirmed. Yet I am troubled that a court’s inclusion of the greater charges may suggest to the jury that the court believes consideration should continue to be given to the greater charges and not the lesser. Anything which may suggest to the jury the departure of the court from a position of absolute neutrality should be avoided. In this case, the judge’s policy is to reread all of the instructions on the charges when reinstruction is requested. If that is so, then to make the rereading seem more neutral, I think the jury should be told of the judge’s policy so as to avoid any possible misinterpretation.
Despite these concerns, no prejudice has been shown, nor could the reinstruction be considered coercive of the jury so as to call *1038 the verdict, which was amply supported by the evidence, into question.